780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
GREAT AMERICAN INSURANCE COMPANY, AN OHIO
CORPORATIONPlaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, A PENNSYLVANLA
CORPORATION, Defendant-Appellee.
 84-1848
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: JONES, Circuit Judge, WEICK and PECK, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Great American Insurance Company ('Great American') appeals from the summary dismissal of its complaint in this diversity action. In the proceedings below Great American sought reimbursement from, the excess insurance carrier of its insured, defendant Insurance Company of North America ('INA') for monies paid in excess of Great American's policy limits. The district court granted INA's motion for summary judgment upon a finding, inter alia, that no genuine issue of material fact existed to establish that INA was under a legal obligation or duty to reimburse Great American. We agree with the district court's disposition and affirm the judgment.
 
 
 2
 Great American was the primary liability insurer of Babcock Dairy Company for any amount not exceeding $300,000. Babcock also had an excess blanket catastrophe liability policy with defendant INA 'for any ultimate net loss in excess of the retained limit which Babcock would become legally obligated to pay as damages.'
 
 
 3
 On September 9, 1975, a truck operated by a driver in the course of conducting business for Babcock was involved in a collision with a bicycle being ridden by Robert Lusch. Lusch sustained serious injury and he and his wife filed suit for damages in the Eastern District of Michigan against Babcock, the truck driver and the lessor of the truck. Pursuant to a settlement agreement of April 17, 1978, Lusch received $250,000 from Great American in return for the dismissal of the case with prejudice against Babcock. Great American asserted in its complaint that INA was notified of the action and that INA continuously monitored the course of the settlement negotiations.
 
 
 4
 On August 8, 1980, Lusch and his wife instituted an action in state court against Babcock, Great American, James Aubin, who was the claims adjuster in the initial claim, and John Highland, who was the attorney for Babcock for the initial claim. Lusch contended that the above named defendants had negligently failed to inform them of the INA excess insurance policy and that a lack of knowledge as to the existence of INA's policy coverage caused them to settle for a substantially lesser amount. By stipulation and agreement of the parties, Babcock was dismissed without prejudice. INA was never named as a defendant in this action.
 
 
 5
 On March 9, 1983, in a Stipulation for Dismissal, the remaining parties rescinded the original settlement agreement and entered into a modified settlement for $1,150,000. The stipulation for dismissal provided that the action be dismissed with prejudice. Great American asserts that at all times it sought the involvement of INA in the negotiations of this settlement.
 
 
 6
 Great American filed suit in a state court of Michigan on September 9, 1983 seeking reimbursement from INA for all monies paid in excess of Great American's $300,000 policy limits. In its complaint, Great American alleged, principally that INA had a duty to participate, contribute and defend in all the proceedings involved in the settlement and that INA negligently breached that duty. The case was subsequently removed to the Eastern District of Michigan.
 
 
 7
 Great American presents a number of different theories in support of its contention that a genuine issue of fact exists that warrants reversal of the district court's judgment. Only one theory, however, presents an argument of considerable merit for our discussion. This argument is grounded upon a theory of equitable subrogation: that the Lusch's lack of knowledge as to the existence of INA's excess policy in the initial settlement agreement obliges INA to reimburse Great American because both companies had a vested stake in the resolution of the liability suit. This case does not, however, involve an issue of equitable subrogation as defined by Great American. Rather, this case merely involves the legal question of whether INA had a duty arising from its liability coverage of Babcock to reimburse Great American. Clearly, INA had no such duty provided by law or contract.
 
 
 8
 Great American posits that the accident liability issue of the first action and the misrepresentation issue of Lusch's second action are inseparably intertwined thus requiring INA to extend its liability coverage. Great American, however, fails to cite any legal authority in support of that theory. The cause of action in the second action did not pertain to the accident-related liability of Babcock requiring INA to provide coverage. It arose from an entirely separate cause of action--the alleged misrepresentation of Babcock, Great American and its agents who allegedly represented that Babcock's liability coverage did not exceed $300,000. INA was not named a party to that suit nor was Babcock's accident liability at issue requiring INA to defend the action. Moreover, Babcock was dismissed from the action one year before the modified settlement was even orchestrated. Thus even if we accepted Great American's argument that INA had a general duty to defend and contribute in the second action, we can not create a legal or equitable principle that INA was obligated to participate in settlement negotiations or contribute to the subsequent agreement when INA's insured had been dismissed from the underlying action and INA was not a party.
 
 
 9
 With these considerations, we find no error in the district court's summary dismissal of Great American's complaint.
 
 
 10
 Accordingly, the judgment is AFFIRMED.